UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**John Kiernan**

    v.                                      Civil No. 13-cv-480-SM

**The Town of Hudson, New Hampshire,**
**The City of Nashua, New Hampshire,**
**Hudson Police Officer Cassandra Avery,**
**Hudson Police Officer Lt. Dave Bianchi,**
**Hudson Police Officer Dan Dolan, and**
**Nashua Police Officer Steve Ranfos**


**REPORT AND RECOMMENDATION**

    John Kiernan has filed an amended complaint (doc. no. 3), seeking damages.  Kiernan alleges that defendants, the Town of Hudson, the City of Nashua, three members of the Hudson Police Department ("HPD"), and one member of the Nashua Police Department ("NPD"), acting individually and in concert with one another:

    (1) violated Kiernan's Fourteenth Amendment substantive due process rights, rendering defendants liable to Kiernan under 42 U.S.C. § 1983;

    (2) abused process and maliciously prosecuted Kiernan, rendering defendants liable for torts under state law, and liable under 42 U.S.C. § 1983, for violations Kiernan's

rights under the Fourth and Fourteenth Amendments; and

(3) intentionally and negligently inflicted emotional distress, and defamed Kiernan, rendering defendants liable to Kiernan for tortious conduct under state law.

Two sets of defendants -- the City of Nashua joined by NPD Officer Steve Ranfos ("Nashua defendants"), and Hudson Police Department ("HPD") Officer Cassandra Avery joined by HPD Lt. Dave Bianchi -- have filed motions to dismiss (doc. nos. 7, 10). Plaintiff has objected to those motions (doc. nos. 14 and 17), and defendants have replied to the objections (doc. nos. 16 and 18). Both motions to dismiss are before this magistrate judge for consideration and a report and recommendation as to disposition. See 28 U.S.C. § 636(c); LR 72.1.

## DISCUSSION

### I.  Motion to Dismiss Standard

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must consider whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In doing so, the

2

court disregards any legal conclusions in the complaint.
Hernandez-Cuevas, 723 F.3d at 102-03.  The court is generally
limited to considering "'facts and documents that are part of or
incorporated into the complaint,'" as well as "'documents
incorporated by reference in [the complaint], matters of public
record, and other matters susceptible to judicial notice.'"
Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations
omitted).  As Kiernan is proceeding pro se in this action, the
court must construe his pleadings liberally.  See Erickson v.
Pardus, 551 U.S. 89, 94 (2007).

## II.  **Nashua Defendants' Motion to Dismiss (Doc. No. 7)**[1]

    A.   Facts Relevant to Claims Against Nashua Defendants

Kiernan's claims arise out of a contentious relationship
between Kiernan and defendant Dan Dolan, a Hudson Police
Department officer; Dolan's wife, Jodie Ficociello-Dolan; and
other members of the HPD.  Kiernan asserts that the animosity
between himself and the Dolans eventually resulted in

---

[1]In addition to the arguments addressed in this report and
recommendation, the Nashua defendants also assert that Kiernan
has failed to assert specific facts upon which relief might be
granted, and that Ranfos is entitled to qualified immunity.
Because the court recommends that the motion to dismiss be
granted based on other grounds asserted in the motion to
dismiss, the court does not reach or offer an opinion as to any
of the unaddressed bases for relief in the motion.

Ficociello-Dolan filing a petition for a temporary restraining order and a criminal stalking charge against Kiernan, which Kiernan alleges are based on false allegations, on November 1, 2010.  On that date, the Merrimack District Court granted a temporary restraining order prohibiting Kiernan from, among other things, contacting or coming within 100 yards of Ficociello-Dolan or any member of her family.  On November 3, 2010, Kiernan was arrested by the NPD and charged with criminal stalking, arising out of the same allegedly false allegations Ficociello-Dolan asserted to obtain the temporary restraining order.  On November 4, 2010, Kiernan was arraigned on the stalking charge.  The court released Kiernan with bail conditions prohibiting him from contacting or going within 100 yards of Ficociello-Dolan.

On November 30, 2010, the court dismissed the stalking petition.  At the hearing, where defendant NPD Officer Ranfos was present in his capacity as police prosecutor, the judge asked Ranfos whether he was going to dismiss the criminal charge against Kiernan, expressing doubt as to whether Ranfos would be able to prove his case.  Ranfos did not immediately dismiss the charge, but instead told the judge that he had only that day

4

received the case, and that he would have to "get back to him."

The following day, Kiernan and Ficociello-Dolan were both picking their children up from the school that both of their children attended, when Ficociello-Dolan positioned herself closer than 100 yards from where she knew Kiernan would park his car, and then took pictures of Kiernan apparently violating the conditions of his bail.  Ficociello-Dolan then tried to have additional charges filed against Kiernan for violating his bail conditions.

Several days later, the NPD dropped the criminal charge against Kiernan.  Prior to dropping the case, however, Ranfos asked Kiernan to enter into a voluntary "stay away" order in which he would agree not to have any contact with the Dolans in exchange for Ranfos's foregoing the filing of a motion for contempt concerning Kiernan's bail violation.  Kiernan declined. Kiernan asserts that Ranfos "then abusively filed a contempt of court motion anyway," although Kiernan states that he was not arrested again, and that all of the charges against him were dropped shortly thereafter.

B.   Officer Steve Ranfos

"'[P]rosecutors performing acts intimately associated with the judicial phase of the criminal process,'" are absolutely immune from damages suits for those acts, even if the acts are erroneous, malicious, or corrupt. Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013) (citation omitted); see also Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "In determining whether an official qualifies for absolute immunity, an inquiring court must examine the particular functions that the official performs." Id. (citing Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993)). "The baseline rule is that a state official who performs prosecutorial functions . . . is absolutely immune from damages actions." Id.

Kiernan challenges actions Ranfos took in his capacity as a prosecutor. Specifically, Kiernan asserts that Ranfos: failed to dismiss a complaint immediately upon the Merrimack District Court judge's inquiry; attempted to negotiate a "stay away" order by agreement prior to dismissing the criminal charge against Kiernan; and filed a motion for contempt. These acts are indisputably prosecutorial functions. See Goldstein, 719 F.3d at 26. Kiernan's bald assertions that Ranfos lied, or

6

otherwise acted in a corrupt manner in the execution of his prosecutorial functions, even if true, would not defeat prosecutorial immunity.  Accordingly, all of the claims against Ranfos are barred by prosecutorial immunity from suit and should be dismissed from this action.

    C.   City of Nashua - Municipal Liability

        **1.**  **Constitutional Claims**

To establish municipal liability under § 1983, plaintiff must prove that an action taken "'pursuant to official municipal policy'" caused his injury.  Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).  No allegation in the amended complaint asserts the existence of any policy or custom, attributable to the City of Nashua, that had any connection whatsoever to the constitutional violations asserted.  Accordingly, Kiernan's federal constitutional claims cannot lie against the City and should be dismissed.

        **2.**  **State Law Claims**

With exceptions not relevant here, a municipality in New Hampshire is generally immune from liability in "any action to recover for bodily injury, personal injury or property damage."

7

N.H. Rev. Stat. Ann. § 507-B:5.  Municipalities may not be
immunized from liability, however, "for intentional torts
committed by government employees when those torts are not
grounded on a reasonable belief in the lawfulness of the
disputed act."  See Huckins v. McSweeney, No. 2013-184, 2014 WL
1395101, at *3 (N.H. Apr. 11, 2014).

In this matter, the only assertions in the complaint
indicating that Ranfos did not have a reasonable belief in the
lawfulness of any of the acts he alleges are legal conclusions,
unsupported by any specific factual allegations, that Ranfos was
acting with unlawful intent.  As the assertions in the complaint
are insufficient to demonstrate that Ranfos had anything but "a
reasonable belief in the lawfulness" of the his actions
challenged by Kiernan, they do not support municipal liability
for Kiernan's state law personal injury claim, and those claims,
as asserted against the City of Nashua, should therefore be
dismissed.

III. **Motion to Dismiss Filed by Avery and Bianchi (doc. no. 10)**

Defendants Avery and Bianchi argue that the only factual
assertions made against them are that each of them, in 2007,
lied in police reports relating to plaintiff.  In their motion

8

to dismiss, defendants Avery and Bianchi assert that the claims against them are barred by the applicable three-year statute of limitations, and should therefore be dismissed.

The federal law providing the cause of action for Kiernan's federal claims, 42 U.S.C. § 1983, borrows the relevant limitations period applied in personal injury cases in the state where the claim arose.  See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010).  In New Hampshire, that period is three years.  Id.; see also N.H. Rev. Stat. Ann. ("RSA") § 508:4.  "It is federal law, however, that determines when the statute of limitations begins to run."  Gorelik, 605 F.3d at 121.  "Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt."  Id. at 122.

The statute of limitations applicable to the state law claims against Avery and Bianchi is also three years.  See RSA § 508:4, I (providing that, subject to the discovery rule exceptin, "all personal actions, except actions for slander or liable, may be brought only within 3 years of the act or

omission complained of…).  "A cause of action arises, thereby triggering the running of the three-year period, once all the elements necessary for such a claim are present." Jeffery v. City of Nashua, 163 N.H. 683, 686, 48 A.3d 931, 934 (2012).

Here, the allegedly wrongful acts of Avery and Bianchi occurred in 2007.  Kiernan alleges that the wrong acts consisted of false statements that caused him injury.  Kiernan does not allege any fact to indicate that the discovery rule would delay the date of accrual past the dates, in 2007, when Kiernan became aware of the officers' reports and the false statements therein. Even if he did not know or could not predict at that time the full extent of any injury that could accrue from those acts, the statute of limitations for his federal and state law claims began to accrue when the act occurred and caused injury, not when the eventual harmful consequences of the act might be felt.

Although Kiernan asserts that the statute of limitation should be equitably tolled to allow the claims against Avery and Bianchi to proceed, his filings assert no adequate basis to do so.  Accordingly, the federal and state law claims against Avery and Bianchi are time-barred and should be dismissed from this action.

Although Kiernan asserts that the statute of limitation should be equitably tolled to allow the claims against Avery and Bianchi to proceed, his filings assert no adequate basis to do so.  Cf. Lozano v. Montoya Alvarez, 134 S. Ct. 1224, 1231-32, 188 L. Ed. 2d 200 (2014) ("As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action."); Kierstead v. State Farm Fire & Cas. Co., 160 N.H. 681, 688, 7 A.3d 1268, 1275 (2010) ("[e]quitable tolling . . . 'is typically available only if the claimant was prevented in some extraordinary way from exercising his or her rights'" (citation omitted)).  Accordingly, the federal and state law claims against Avery and Bianchi are time-barred and should be dismissed from this action.

<u>**CONCLUSION**</u>

For the foregoing reasons, this court recommends that the district judge grant the defendants' motions to dismiss (doc. nos. 7 and 10) in their entirety, and dismiss all of the claims asserted against defendants Steve Ranfos, the City of Nashua, HPD Officer Cassandra Avery, and HPD Lt. David Bianchi.  Any

11

objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

Andrea K. Johnstone
United States Magistrate Judge

June 27, 2014

cc:  John Kiernan, pro se
     Brian J. S. Cullen, Esq.