```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

John Kiernan,
      Plaintiff

      v.                              Case No. 13-cv-480-SM
                                      Opinion No. 2015 DNH 018
The Town of Hudson, New Hampshire,
and Hudson Police Officer Dan Dolan,
      Defendants


**O R D E R**


Pro se plaintiff, John Kiernan, brings this action against the Town of Hudson, New Hampshire, and Hudson Police Officer Dan Dolan. In his amended complaint, Kiernan alleges that defendants engaged in conduct that was so extreme and outrageous that it violated his Fourteenth Amendment right to substantive due process (count one). See generally 42 U.S.C. § 1983. See also Report and Recommendation (document no. 20) (construing plaintiff's various claims). He also advances several state common law claims over which he implicitly asks the court to exercise supplemental jurisdiction: intentional infliction of emotional distress (count two); negligence (count three); abuse of process/malicious prosecution (count four); and defamation (count five). In addition to an award of compensatory damages, Kiernan also seeks an award of punitive damages (which he has captioned as the sixth count in his amended complaint).

Pending before the court is defendants' motion for judgment on the pleadings. For the reasons stated, that motion is granted to the extent it seeks judgment on the sole federal claim in Kiernan's complaint. As to Kiernan's state law claims, the court declines to exercise supplemental jurisdiction and they are dismissed without prejudice.

**Standard of Review**

A motion for judgment on the pleadings is subject to the same standard of review applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Portugues-Santana v. Rekomdiv Int'l, Inc., 725 F.3d 17, 25 (1st Cir. 2013). Accordingly, the court must accept as true all well-pleaded facts in Kiernan's complaint and indulge all reasonable inferences in his favor. See SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). To survive defendants' motion, the complaint must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted). Legal boilerplate and general conclusory statements are insufficient to state a cognizable claim. See Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012).

## Background

Accepting the factual allegations in Kiernan's amended complaint (document no. 3) as true, the relevant background is as follows. Kiernan says there has been animosity between him and Officer Dolan since March of 2008, when Dolan testified as a witness in a civil dispute between Kiernan and his neighbors. Kiernan speculates that because he cross-examined Dolan in that proceeding (and apparently questioned the truthfulness of Dolan's testimony), Dolan began harboring ill feelings toward him. He claims that the day after he cross-examined Officer Dolan, the Hudson Police Department sent him a letter, instructing him not to have any contact with either Dolan or his wife and threatening to arrest Kiernan if he violated that directive.[1]

More than two years later - in October of 2010 - Kiernan says defendants followed through on that "retaliatory promise

---

[1] Parenthetically, the court notes that plaintiff attached a copy of that letter to his objection. See Document no. 29-3 at 2. That letter was written by Officer Dolan. It was not written on police department stationary, nor did it purport to be an official communication from the Hudson Police Department. In it, Dolan informed Kiernan that his repeated phone calls to Dolan's home (unlisted) telephone number and personal contacts with Dolan's wife were unwelcome. He instructed Kiernan to stop, failing which he said he would "file reports with the necessary police agency and seek criminal charges" against Kiernan. He concluded by asking Kiernan to "[p]lease respect my wishes by not contacting any member of my family again. Thank you for your time and anticipated cooperation."

. . . to have plaintiff falsely arrested." Amended Complaint at para. 30. Specifically, Kiernan says he was the victim of a "road rage" incident involving Officer Dolan's wife. In the wake of that incident, Dolan's wife sought (and obtained) a judicial restraining order against Kiernan. According to Kiernan, that restraining order issued only because Dolan's wife and, although he was not present during the incident, Dolan himself "lied to the police, filed blatantly false police reports, lied under oath and committed perjury." Id. at para. 38.

A few days later, says Kiernan, Dolan and his wife "filed an additional false police report with the Nashua police in order to arrange the false arrest of plaintiff," id. at para. 46, for violating the restraining order (by following Dolan's wife after she had picked up the couple's children at school). Kiernan was arrested, arraigned the next day, and released. The following day, Dolan's wife allegedly filed another report with the Nashua Police Department, claiming Kiernan had confronted her at her children's school and saying she feared for their safety. Kiernan denies the factual allegations in that police report and says it was merely another instance of Dolan's wife (and/or Dolan himself) trying to have him falsely arrested. But, according to Kiernan, "Nashua police refused to do the bidding for them yet again" and Nashua police officers neither contacted nor arrested

Kiernan.  And, he says the initial charges against him were eventually dropped.

The most recent event giving rise to this action occurred in the summer of 2012.  According to Kiernan, he encountered Officer Dolan at the Nashua South High School outdoor track.  He claims that as he walked past Officer Dolan, Dolan "shook his head back and forth with an angry, menacing look on his face."  Id. at para. 67.  Dolan then stopped near the track's exit, and Kiernan says he felt "trapped, with no way to exit the track safely, because Dolan had the only exit blocked."  Id.  Not long thereafter, Kiernan sent a written request to the Hudson Police Department, asking it to conduct an "internal affairs investigation into [his] false arrest at the hands of Officer Dolan and his wife."  Id. at para. 70.  When he felt his complaints were not receiving adequate attention, Kiernan contacted the office of United States Senator Shaheen and, eventually, the New Hampshire Attorney General's Office.  When he failed to receive satisfactory responses (or action) from either, he filed this suit.

**Discussion**

I. <u>Plaintiff's Substantive Due Process Claim</u>.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. As the Supreme Court has repeatedly held, the substantive component of the Due Process Clause is violated by executive action only when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 847 (1998) (quoting <u>Collins v. Harker Heights</u>, 503 U.S. 115, 128 (1992)). <u>See also</u> <u>Elena v. Municipality of San Juan</u>, 677 F.3d 1, 7-8 (1st Cir. 2012) ("State conduct violates an individual's substantive-due-process rights when it is 'so brutal, demeaning, and harmful that it is shocking to the conscience.'") (quoting <u>Maymi v. P.R. Ports Auth.</u>, 515 F.3d 20, 30 (1st Cir. 2008)). Moreover, as the court of appeals for this circuit has observed, "[e]ven executive action that <u>does</u> shock the conscience will still not infringe substantive due process unless it also deprives an individual of a protected interest in life, liberty, or property." <u>Gonzalez-Fuentes v. Molina</u>, 607 F.3d 864, 880 n.13 (1st Cir. 2010) (citation and internal punctuation omitted) (emphasis supplied). <u>See generally</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 271-72 (1994) ("As a general matter, the Court has always been reluctant to

expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.  The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.") (citation and internal punctuation omitted).

Consequently, the "hallmark of successful challenges is an extreme lack of proportionality, as the test is primarily concerned with violations of personal rights so severe, so disproportionate to the need presented, and so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Gonzalez-Fuentes, 607 F.3d at 881 (citation and internal punctuation omitted). Necessarily, then, the threshold for stating a viable Fourteenth Amendment substantive due process claim is a high one, "lest the Constitution be demoted to what we have called a font of tort law."  Lewis, 523 U.S. at 847 n. 8.  See also Id. at 848 ("It should not be surprising that the constitutional concept of conscience-shocking duplicates no traditional category of common-law fault, but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability.  Thus, we have made it clear that the due process

guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm.").

Viewing this body of law from a slightly different perspective, the court of appeals has collected representative cases in which the plaintiffs did state a viable substantive due process claim:

> Among the cases in which plaintiffs have prevailed [on substantive due process claims] are those involving a student blinded in one eye when a coach intentionally struck him in the head with a metal weight; a teacher's fabrication of sexual abuse charges against a father, resulting in loss of contact with his child for three years; rape by a police officer in connection with a car stop; a 57-day unlawful detention in the face of repeated requests for release; police officers aiding a third-party in shooting the plaintiff; an intentional assault by a police officer who struck a pretrial detainee twice in the head and threatened to kill him; and a principal forcing his way into a room where a student was hiding, grabbing her from the floor, throwing her against the wall, and slapping her.

Cummings v. McIntire, 271 F.3d 341, 346 (1st Cir. 2001) (footnote and citations omitted).

While it is plain that the "shocks-the-conscience" test imposes a heavy burden on plaintiffs seeking to vindicate substantive due process rights, it is also somewhat vague.  As the court of appeals has noted:

8

> The "shock the conscience" test has been labeled "admittedly imprecise," "virtually standardless," "somewhat amorphous," and "laden with subjective assessments." Descriptions of what actions qualify as "conscience-shocking" often descend into a morass of adjectives that are as nebulous as they are pejorative, including "truly irrational," "extreme and egregious," "truly outrageous, uncivilized, and intolerable," and "stunning." Meanwhile, actions that have not been found to shock the conscience have still been described as "despicable and wrongful." It would seem that, at least at the margins, the shock-the-conscience test requires us to split the hairs of opprobrium.

Gonzalez-Fuentes, 607 F.3d at 879-81 (citations omitted). This case, however, is not "at the margins" nor does it require the court to "split the hairs of opprobrium." The alleged conduct described in Kiernan's amended complaint falls far short of that which is necessary to state a viable substantive due process claim.

Even taking at face value the events Kiernan describes involving Officer Dolan at the Nashua track (i.e., looking at him in a menacing way and allegedly obstructing the exit), they are, at best, examples of arguably uncivil or impolite behavior. Such conduct plainly fails to give rise to a substantive due process claim against Dolan (or the Hudson Police Department). And, even assuming the truthfulness of Kiernan's claim that Dolan supported his wife's reporting of false charges to both the police and the state court, and even assuming Dolan himself lied to those

entities to help his wife secure the restraining order against Kiernan and/or Kiernan's subsequent arrest, that conduct also fails to give rise to a viable substantive due process claim. See, e.g., Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617 (1st Cir. 2000) (off-duty police officers' harassment of plaintiffs, destruction of their personal property, pushing of their pregnant daughter (who subsequently miscarried), initiation of false charges against plaintiffs, and lying to a court, while presenting a "close" case, did not give rise to substantive due process claims). See generally Albright, 510 U.S. at 275 (holding that asserted right to be free from prosecution without probable cause is not actionable as a § 1983 Fourteenth Amendment substantive due process claim). See also Freeman v. Town of Hudson, 714 F.3d 29, 41 (1st Cir. 2013) (defendants' alleged pursuit of "unsupported criminal charges against [plaintiff] for personal reasons" did not give rise to a substantive due process claim); Michel v. Town of Hampden, 2012 WL 893740, *2 (D. Ma. 2012) (assertions that defendants "maliciously procured an arrest warrant, exaggerated the situation to state police, illegally searched Plaintiff's home, prosecuted him based on false evidence, and made defamatory statements to the media" failed to "meet the high 'shocks the conscience' standard necessary to state a substantive due process claim.").

II. <u>Plaintiff's State Law Claims</u>.

While defendants urge the court to exercise supplemental jurisdiction over Kiernan's state law claims and dismiss them for failing to state viable causes of action, the court declines that invitation. <u>See generally</u> 28 U.S.C. § 1367. Section 1367 provides that the court may decline to exercise supplemental jurisdiction over a plaintiff's state law claim when:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) <u>the district court has dismissed all claims over which it has original jurisdiction</u>, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis supplied). To assist district courts, the Court of Appeals for the First Circuit has identified the following additional factors that should be considered when considering whether to exercise supplemental jurisdiction over state law claims: (1) the interests of fairness; (2) judicial economy; (3) convenience; and (4) comity. <u>See</u> <u>Camelio v. American Fed'n</u>, 137 F.3d 666, 672 (1st Cir. 1998). With regard to principles of fairness and comity, the Supreme Court has observed:

11

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (footnote omitted).  See also Camelio, 137 F.3d at 672 (noting that when the "foundational federal claims have been dismissed at an early stage in the litigation," the "balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims"); O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 272-73 (1st Cir. 2001) (same).

Given that the court has dismissed the sole federal claim in Kiernan's complaint "at an early stage in the litigation," Camelio, 137 F.3d at 672, and in the interest of comity, the court declines to exercise supplemental jurisdiction over the state law claims in Kiernan's amended complaint.

**Conclusion**

For the foregoing reasons, as well as those set forth in defendants' memorandum (document no. 27-1), defendants' motion for judgment on the pleadings (document no. 27) is granted in part and denied in part.  Plaintiff's substantive due process claim (count one) fails to state the essential elements of a

viable cause of action and is, therefore, dismissed with prejudice. The court declines to exercise supplemental jurisdiction over plaintiff's remaining (state law) claims, which are dismissed without prejudice.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

February 10, 2015

cc: John Kiernan, pro se
    Brian J. S. Cullen, Esq.